UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allianz Insurance Company of Canada,

        Plaintiff,

   v.                                                                              **MEMORANDUM OPINION AND ORDER**
Case No. 04-2644 ADM/AJB

Richard Sanftleben a/k/a Ric Sanftleben,
and Carolyn Sanftleben as purported
assignee of Richard Sanftleben,

        Defendants.

_____

Robert E. Salmon, Esq., and Sarah R. Frisque, Esq., Meagher & Geer, PLLP, Minneapolis, MN, appeared for and on behalf of Plaintiff.

James F. Dunn, Esq., James F. Dunn & Associates, P.A., Eagan, MN, appeared for and on behalf of Defendants.

_____

## I. INTRODUCTION

On May 4, 2005, oral argument before the undersigned United States District Judge was heard on Allianz Insurance Company of Canada's ("Allianz" or "Plaintiff") Motion for Summary Judgment [Docket No. 13] and Richard Sanftleben a/k/a Ric Sanftleben, and Carolyn Sanftleben as purported assignee of Richard Sanftleben's (collectively "Sanftlebens" or "Defendants") Motion for Summary Judgment on her Counterclaim [Dockets No. 18]. In its Complaint [Docket No. 1], Allianz seeks a declaratory judgment that Carolyn Sanftleben (Mrs. Sanftleben) is not entitled to insurance benefits to cover injuries sustained in a 1999 automobile accident involving Mr. and Mrs. Sanftleben. In Defendants' Answer and Counterclaim [Docket

1

No. 4], Mrs. Sanftleben counterclaimed that she was entitled to benefits under the liability and UIM provisions of Mr. Sanftleben's policy with Allianz.  For the reasons set forth below, Allianz's Motion for Summary Judgment is granted on the grounds that: (1) the language of the policy bars Mrs. Sanftleben from recovering UIM benefits for injuries resulting from the August 28, 1999 automobile accident and (2) Mrs. Sanftleben has conceded she is precluded from recovering liability benefits under the policy's "drive other automobiles" exception.  The counterclaim is dismissed.

## II.  BACKGROUND[1]

Mr. Sanftleben is a Canadian citizen who, in October 1998, resided in Didsbury, Alberta. Stipulation ("Stip.") [Docket No. 12] ¶¶ 3, 7, 9.  On October 27, 1998, Allianz issued a policy of automobile insurance for Mr. Sanftleben's 1986 GMC truck.  Stip. ¶ 1; Allianz Policy (Stip. Ex. A1 & A2).  The policy, which expired October 27, 1999, listed the class and description of the vehicle as "Pleasure or drive to work up to 5 KM one way" and the rating territory as "Remainder of Alberta."  Allianz Policy (Ex. A1) at ALU 3.  The policies carried a liability limit of $1,000,000.00.  Id.  Although Allianz contacted Mr. Sanftleben in September 1999 and offered to renew the policy upon its expiration, Mr. Sanftleben declined.  Stip. ¶ 3.

On May 1, 1999, Mr. Sanftleben drove from Didsbury, Alberta and began living with Mrs. Sanftleben at her home in Hopkins, Minnesota.[2]  Id. ¶ 3.  Although Mr. Sanftleben continued to maintain a mailing address in Didsbury and a checking account at a bank in

---

[1] For purposes of the instant Motion, the facts are viewed in the light most favorable to Plaintiff, the nonmovant.  See Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).
[2] Because the parties did not provide Carolyn Sanftleben's maiden name, the Court will refer to her as Mrs. Sanftleben for the period before the couple married.

2

Carstairs, Alberta, he moved out of his Didsbury residence and placed most of his belongings in storage.  Id. ¶¶ 3, 7.  Mr. and Mrs. Sanftleben were married on July 4, 1999.  Id. ¶ 3.

After the marriage, Mr. Sanftleben applied for a green card as a permanent resident of the United States.[3]  Id. ¶ 4.  He also obtained a temporary Social Security Card and a work permit authorizing him to stay in the United States and work for Pepsi-Cola, Ltd.  Id. ¶ 5.  Mr. Sanftleben also obtained a Minnesota commercial driver's license listing his address as 125 12th Avenue North, Hopkins, Minnesota, 55343.  Id. ¶ 6.  Although Mr. Sanftleben was asked to show his Canadian commercial driver's license to verify his licensure as a commercial driver, he was not asked to surrender the Canadian license.  Id.

On August 28, 1999, the Sanftlebens began driving from Hopkins, Minnesota to Alberta to attend a wedding reception for Canadian friends unable to attend their July 4, 1999 ceremony.  Id. ¶ 11.  While driving in Minnesota, Mr. Sanftleben was driving Mrs. Sanftleben's 1993 Ford Explorer, while she was riding as a passenger.  Id.  The Ford Explorer was insured under a Farmers Insurance Group ("Farmers") policy with a liability limit of $50,000 per person and uninsured and underinsured motorist coverage.  Id.  Mr. Sanftleben lost control of the vehicle, it rolled over and Mrs. Sanftleben was seriously injured.  Id.  Because Mr. Sanftleben was driving the Ford Explorer with his wife's permission, he was determined by Farmers to be an additional insured under the terms of the Farmers' policy.  Consequently, Farmers' policy provided the primary liability coverage for the accident.  Mrs. Sanftleben subsequently entered into a Drake-Ryan settlement agreement with Farmers, pursuant to which she was paid $50,000, the liability

---

[3] Although Mr. Sanftleben was eventually issued a green card, it was not until December 1, 1999, some three months after the accident occurred.  Stip. ¶ 4.

3

limit on the policy.[4]  Id. ¶ 15.

On June 22, 2001, Mrs. Sanftleben filed a personal injury action against Mr. Sanftleben in Hennepin County District Court.  Id. ¶ 12.  Allianz defended Mr. Sanftleben subject to a complete reservation of rights.  Id.  On May 6, 2003, the two parties entered into a Miller-Shugart settlement agreement in the amount of $650,000.[5]  Id. ¶ 15.

On July 25, 2002, Allianz filed a declaratory judgment action against Mr. Sanftleben in the Court of Queen's Bench of Alberta.  Id. ¶ 13.  Mrs. Sanftleben was not named in the suit.  Id. ¶ 14.  On June 24, 2003, the Alberta court issued a default judgment holding that there was no third-party liability coverage available under the Allianz policy.  Id.; Default Judgment (Stip. Ex. H).

In their Answer and Counterclaim, Defendants contend Mrs. Sanftleben was entitled to liability coverage under the Allianz policy.  In its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 27], Defendants concede liability coverage was barred by the policy's valid "drive other automobiles" exclusion.  See Allianz Policy (Stip. Ex. A1) at ALU 5.  As a result, the parties no longer contest whether Mrs. Sanftleben is entitled to liability coverage under the Allianz policy and the Court will not further address the issue.

The parties disagree as to whether the Miller-Shugart agreement is binding on Allianz.

---

[4] Parties enter into a Drake-Ryan settlement agreement when there are multiple layers of liability coverage, and a claimant settles a claim against the primary liability insurer while preserving her right to proceed against the potentially applicable excess liability insurer.  Drake v. Ryan, 514 N.W.2d 785 (Minn. 1994).

[5] A Miller-Shugart settlement agreement occurs when an insured stipulates to a money judgment in favor of a plaintiff, the plaintiff releases the insured from personal liability, and the plaintiff agrees to seek disputed liability coverage from the insurer.  Miller-Shugart, 316 N.W.2d 729 (Minn. 1982).

However, the parties agree, for purposes of the instant motion, it is unnecessary to resolve this question. Consequently, at this time, the Court offers no opinion as to the effect of the Miller-Shugart agreement on this litigation. As a result, the only issue before this Court is whether Mrs. Sanftleben is entitled to UIM benefits under the terms of the Allianz policy.

### III.  DISCUSSION

A.  **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

B.  **Choice of Law**

"A basic precept of insurance contract law is that the extent of the insurer's liability is governed by the contract into which it entered as long as the policy does not omit coverage required by law and does not violate applicable statutes." Lynch v. Am. Family Mutual Ins. Co.,

626 N.W.2d 182, 186 (Minn. 2001). Therefore, whether Mrs. Sanftleben is entitled to UIM benefits is dictated by the terms of the Allianz policy, provided the policy complies with applicable law. The insurance policy at issue was written and issued under Alberta law, but the site of the accident underlying this lawsuit, as well as the resulting litigation, is Minnesota. Both parties assume without explanation that Minnesota law is applicable, however, the Court will enforce a choice of law provision included in the policy to avoid frustrating the intent of the contracting parties. See Retail Assocs. v. Macy's East Inc., 245 F.3d 694, 697 (8th Cir. 2001). ("Minnesota law enforces contract choice-of-law provisions"); see also Medtronic Inc. v. Gibbons, 684 F.2d 565, 612 (8th Cir. 1982).

A provision in the policy and Minnesota law both dictate that the policy's terms should be interpreted under Alberta law. The Allianz policy explicitly contains a choice of law provision to govern recovery of UIM benefits. The relevant section, entitled "Determination of the Amount an Eligible Claimant is Legally Entitled to Recover," provides in applicable part:

> In determining the amount an eligible claimant is legally entitled to recover from the inadequately insured motorist, issues of quantum shall be decided in accordance with the law of the province governing the policy and issues of liability shall be decided in accordance with the law of the place where the accident occurred.

Allianz Policy, S.E.F. 44 5.b. (Ex. A1) at ALU 11. Under Canadian law, it is well established that issues of liability concern determining and apportioning fault while issues of quantum relate to quantity or amount. See, e.g., Chomas v. Economical Mutual Ins. Co., 2002 A.C.W.S.J. 4026, *26-29 (Ont. C.A. 2002); Myers Estate et al. v. Zurich Ins. Co., 1992 N.S.R. (2d) LEXIS 1918, *22-25 (N.S. 1992); Schroen Estate et al. v. Wawnesa Mutual Ins. Co., 1996 A.R. LEXIS 3806, *16-17 (Q.B. 1996). There is no issue that Mr. Sanftleben was liable for the one car accident.

6

Whether Mrs. Sanftleben is entitled to UIM benefits is an issue of quantum.

The Alberta Insurance Act contains a provision requiring an insurer licensed in Alberta to:

> (b)  in any action in another province or territory against the licensed insurer or its insured arising out of an automobile accident in that province or territory, the insurer must appear and must not set up any defence to a claim under a contract evidenced by a motor vehicle liability policy issued in Alberta, including any defence as to the limit or limits of liability and prescribed accident benefits under that contract that could not be set up . . .
>
> > (ii) under a scheme of no-fault insurance that has been established by statute in the other province or territory.

R.S.A. 2000, c. I-3, s.33.

Minnesota courts have held they will not reform an insurance policy originally issued to a non-resident to comply with Minnesota's mandatory minimum UIM requirements unless the policy was "renewed, delivered or issued for delivery or executed in the state." Minn. Stat. § 65B.49, subd. 3a(1); see Warthan v. Am. Family Mut. Ins. Co., 592 N.W.2d 136, 139 (Minn. Ct. App. 1999) review denied, 1999 Minn. LEXIS 461 (Minn. July 1999); Cantu v. Atlanta Cas. Companies, 535 N.W.2d 291 (Minn. 1995).  As a result, Minnesota's No Fault Act does not alter the choice of law analysis.  Allianz did not renew, deliver or issue the policy while Mr. Sanftleben was residing in Minnesota.  As a result, issues of whether Mrs. Sanftleben may recover UIM benefits under the Allianz policy are dictated by the terms of the policy as interpreted by Alberta, rather than Minnesota, law.

**C.    Underinsured Motorist Coverage**

The Allianz policy includes S.E.F. 44 Family Protection Coverage which permits an

eligible claimant to recover for the cost of injuries that exceed the amount of liability insurance carried by a liable, underinsured motorist. Specifically, the policy provides:

> 2. INSURING AGREEMENT. In consideration of the premium charged and subject to the provisions hereof, it is understood and agreed that the insurer shall indemnify each eligible claimant for the amount that such eligible claimant is legally entitled to recover from an inadequately insured motorist as compensatory damages in respect of bodily injury or death sustained by an insured person by accident arising out of the use or operation of an automobile.

Allianz Policy, S.E.F. 44 2. at ALU 10.

The parties contest whether Mrs. Sanftleben is eligible for UIM coverage under the terms of the policy. Although the parties raise a number of issues, the Court finds the dispositive issue is whether Mrs. Sanftleben is an "inadequately insured motorist." Under the terms of the policy UIM coverage is triggered only when an "inadequately insured motorist" exists. The policy defines the term "inadequately insured motorist," in relevant part, as:

> the identified owner or identified driver of an automobile with respect to which the total motor vehicle liability insurance or provided bonds, cash deposits or other financial guarantees as required by law in lieu of insurance, of the owner and driver is less than the Limit of Family Protection Coverage.

Allianz Policy, S.E.F. 44 e(1) at ALU 10. Therefore, the policy only permits an eligible claimant to recover UIM if the total sum of the limits of the motor vehicle liability insurance applicable to both the driver and owner is less that the "Limit of Family Protection Coverage" (UIM benefits) provided by the policy.

Under the plain meaning of this provision, Mrs. Sanftleben is barred from recovering UIM benefits from Allianz. Although either the identified owner, in this case Mrs. Sanftleben, or the identified driver, Mr. Sanftleben, can be an "inadequately insured motorist," they only

8

qualify if "the total vehicle liability insurance . . . of the owner <u>and</u> driver is <u>less</u> than the Limit of the Family Protection Coverage." <u>Id</u>. (emphasis added). Mrs. Sanftleben Farmers policy carried $50,000 liability coverage while Mr. Sanftleben's Allianz policy carried $1,000,000 liability coverage. Together, the owner and driver possessed $1,050,000 in liability coverage, exceeding the $1,000,000 limit of the Family Protection Coverage. It is irrelevant that Mrs. Sanftleben was precluded from recovering liability benefits under the Allianz policy by the valid "drive other automobiles" exclusion.

This analysis is bolstered by the conclusion of a Canadian court that interpreted identical language in a factually similar case. <u>Gully v. Conseco Ins. Co.</u>, 1994 A.C.W.S.J. LEXIS 72273 (Alta. C.A. 1994). In <u>Gully</u>, the court considered whether a passenger injured in a single car accident could recover Family Protection Coverage benefits under his mother's policy. <u>Id</u>. at * 3. Because his mother owned the car, a provision of the policy excluded the passenger from receiving liability benefits. <u>Id</u>. at *4-5. The mother's policy carried $1,000,000 in liability insurance and $1,000,000 in Family Protection Coverage. <u>Id</u>. at *5. To resolve the issue, the court looked to the meaning of the term "inadequately insured motorist," which was defined using identical language as that at issue in the instant case. <u>Id</u>. The Court concluded the passenger could not recover Family Protection Coverage because the liability insurance limit provided in the policy was the same sum ($1,000,000) as the limit provided by the Family Protection Coverage. <u>Id</u>. As a result, despite the passenger's inability to recover liability benefits under the policy, the car was not underinsured. <u>Id</u>.

Although it is not necessary for this Court to address Minnesota law on this dispositive

9

point, the outcome is consistent with Minnesota law. The Minnesota Supreme Court has repeatedly held that the Minnesota No Fault Act was not enacted to permit parties to convert UIM coverage into third-party liability coverage. See, e.g., Myers v. State Farm Mut. Auto. Ins. Co., 336 N.W.2d 288 (Minn. 1983); Meyer v. Ill. Farmer Ins. Group, 371 N.W.2d 535 (Minn. 1985); Lynch, 626 N.W.2d 182. As the Minnesota Supreme Court has explained:

> UIM and liability coverage are intended to insure different risks and . . . an insured wishing to provide greater protection from his own negligence for himself and his passengers should purchase additional liability insurance; allowing underinsured coverage [in these instances] would, in essence, be allowing an individual to increase liability coverage by purchasing less expensive underinsured coverage.

Lynch, 626 N.W.2d at 186-87. Although an insurer may write broader UIM coverage that permits conversion, it is well established insurers can protect themselves from conversion through valid exclusions. Id. at 189-90. Although Minnesota insurance policies typically accomplish this goal through a restrictive definition of "underinsured motor vehicle," there is nothing to prevent insurers from including the exclusion in the definition of an "inadequately insured motorist."

Because the Court finds the terms of the Allianz policy preclude Mrs. Sanftleben from recovering UIM benefits, it is unnecessary to consider Allianz's arguments that (1) the policy may be rescinded due to Mr. Sanftleben's failure to disclose his change in residency or martial status, and (2) the claim is untimely under the statute of limitations set forth in the policy.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 13] is **GRANTED** in so far that Defendants are not entitled to UIM benefits under S.E.F. 44 of the policy for injuries sustained by Mrs. Sanftleben as a result of the August 28, 1999 accident;

2. Defendants' Motion for Summary Judgment on her Counterclaim [Dockets No. 18] is **DENIED**.

3. Defendants' Counterclaim [Docket No. 4] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 29, 2005.